■ SAFEGUARD SECURITY, INCORPORATED, Respondent, v JOSEPH RYAN, Appellant. [604 NYS2d 729] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered June 11, 1992, which, *inter alia,* denied defendant's cross motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

We agree with the IAS Court that defendant purposefully transacted business within the State that was substantially related to the employment contract underlying the action, and that a basis for jurisdiction therefore exists under CPLR 302 (a) (1) *(Kreutter v McFadden Oil Corp.,* 71 NY2d 460, 466-467). There is no merit to defendant's claim that his alleged contact with New York is not substantially related to the claim against him because his contact did not arise from the same provision of the contract that the complaint alleges he breached. In any event, although the complaint may be read to allege breaches of only certain provisions of the employment contract, we find that it may also reasonably be read to allege a breach of the entire contract. Nor is there merit to defendant's argument that an evidentiary hearing was necessary in order to determine the issue of jurisdiction. We have considered defendant's other arguments and find them to be without merit. Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ.

■ ANTHONY FIGLIA et al., Appellants, v SUTTON MANOR APARTMENTS, INC., et al., Respondents. [603 NYS2d 441] —Order and judgment (one paper), Supreme Court, New York County (Herman Cahn, J.), entered February 5, 1993, which, *inter alia,* granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The letter of August 15, 1988, from defendants' agent to counsel for plaintiffs prior to their purchase of the apartment in question, reciting that the garden areas outside their apartment remained "at all times, the property of" defendants and that the occupants of their apartment would only have the "non-exclusive right to use" of the garden area, renders plaintiffs' claims asserted in the complaint and proposed amended complaint meritless. Having received such notice, the plaintiffs may not now claim that they were fraudulently induced into entering into the purchase of the apartment when the cooperative board later determined that the garden area would be opened up for use by all other apartment owners or that the board is estopped from taking such action. Concur—Sullivan, J. P., Ellerin, Ross and Nardelli, JJ.